UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Esmeralda Lopez*<br><br>         Plaintiff,<br><br>    v.<br><br>*County of Riverside, et al.*<br><br>         Defendants. | CASE NO. CV 13-1780-GHK (PJW)<br><br>ORDER (1) ACCEPTING FINDINGS AND RECOMMENDATIONS, AS MODIFIED, OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the documents filed in support of, and in opposition to, Defendants County of Riverside and Howard M. Hibbler's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion").  Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which Plaintiff has objected.

We approve and adopt the findings of the United States Magistrate Judge with the following modifications.  We agree that Plaintiff has not and cannot state a 42 U.S.C. Section 1983 claim that her civil rights were violated by Defendants' alleged violation of the Bankruptcy Court's automatic stay injunction.  See, e.g., Periera v. Chapman, 92 B.R.

1  903, 906-08 (1988) ("The plaintiff's attempt to base a section 1983 claim on the violation
2  of the automatic stay provision of the Bankruptcy Code . . . fails as a matter of law and
3  therefore must be dismissed."); David Leonard Harris v. Johnson (In re Harris), No. 10-
4  13866-GBN, 2011 WL 3300716, at *7 (B.A.P. 9th Cir. Apr. 7, 2011) ("As a matter of
5  law, a 42 U.S.C. § 1983 claim cannot be based on an alleged violation of the [Bankruptcy
6  Court's] stay [injunction]."); Whitsitt v. Franchise Tax Bd., No. 92-2235-JPV, 1993 WL
7  96462 (N.D. Cal. Mar. 26, 1993) ("It is settled law that a § 1983 claim cannot be based
8  upon an alleged violation of the automatic stay under [the Bankruptcy Code]."); see also
9  Radke v. Holbrook, No. 09-1355-GAF (VBK), 2010 WL 9010982, at *6-7 (C.D. Cal.
10 May 11, 2010) (finding the court lacked subject matter jurisdiction over the plaintiff's
11 claim for an alleged violation of the Bankruptcy Court's automatic stay).

    Plaintiff, however, has clarified through her Objections to the Report and Recommendation that she did not intend to bring a claim against Defendants that they had violated the Bankruptcy Court's injunction, but rather claims that Defendants had violated her civil rights as follows: (1) through their policies, practices and procedures; (2) by using excessive force against her; and (3) by depriving her of her liberty and property interests without due process of law.  To the extent Plaintiff's claims are not premised on a violation of the Bankruptcy Court's injunction, we do have subject matter jurisdiction over Plaintiff's claims brought under the Fourth, Fifth, and Fourteenth Amendments and Defendants' Motion must be denied.  As the allegations in the Complaint are unclear in this respect, we grant Plaintiff leave to amend these claims to articulate the factual basis upon which she brings these claims that are independent from Defendants' alleged violation of the Bankruptcy Court's injunction.  Plaintiff must also include factual allegations regarding the alleged conduct of each Defendant whom she claims violated her civil rights.

    Although Plaintiff argues to the contrary, to the extent Plaintiff's claims are premised on Defendants' alleged violation of the Bankruptcy Court's injunction, we grant

Defendants' Motion and dismiss these claims without leave to amend, but without prejudice such that Plaintiff may seek appropriate relief, if any, before the United States Bankruptcy Court for alleged violation of that Court's Order.

Accordingly, we GRANT IN PART and DENY IN PART Defendants' Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  We grant Plaintiff leave to amend her claims, within thirty days hereof, to the extent they are not premised on Defendants' alleged violation of the Bankruptcy Court's injunction.  To the extent, however, that Plaintiff's claims are premised on Defendants' alleged violation of the Bankruptcy Court's injunction, these claims are dismissed without leave to amend but without prejudice to Plaintiff's ability to seek appropriate relief, if any, from the Bankruptcy Court for the alleged violation of that Court's Order.

**IT IS SO ORDERED**.

DATED: June 3, 2014

_____
GEORGE H. KING
Chief United States District Judge